NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3770
_____

GARY J. SHEEHAN, SR.,

Appellant

v.

DELAWARE & HUDSON RAILWAY COMPANY, INC., d/b/a CP Rail
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 3-09-cv-00265)
District Judge:  Honorable Richard P. Conaboy
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 12, 2011

Before:  RENDELL, SMITH and FISHER, *Circuit Judges*.

(Filed:  July 22, 2011)
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

     Gary Sheehan appeals from the District Court's order denying him a new trial.  He

claims the District Court abused its discretion by granting a motion for reconsideration

filed by Delaware and Hudson Railway Company, Inc. ("D&H"), and by failing to postpone the trial. For the reasons stated below, we will affirm.

I.

We write exclusively for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis.

After he was injured in a workplace slip and fall accident, Sheehan brought suit against D&H under the Federal Employers' Liability Act, 45 U.S.C. § 51 *et seq.* for failure to maintain a safe work environment. During discovery, Sheehan served D&H with a supplemental economic expert report, referencing earnings of a similarly situated employee, which nearly doubled his claimed economic losses. D&H subsequently submitted an economic expert report from Chad Staller. D&H requested a third continuance to depose the similarly situated employee whose earnings formed the basis of Sheehan's supplemental report. Sheehan opposed any further delay. In response, D&H represented that it would not call Staller as a witness at trial. The District Court granted D&H's request for a continuance, and trial was to begin on May 19, 2010.

On May 7, 2010, D&H added Staller as an expert witness, and Sheehan objected as discovery had already closed. On May 14, 2010, D&H sent a letter to Sheehan, which included thirteen photographs that William Farley, a D&H yard manager, allegedly took on the day of the accident. Sheehan filed motions *in limine* to exclude the photographs and Staller's testimony on the grounds that they were not timely produced in violation of

2

Federal Rule of Civil Procedure 26. The District Court granted the motions. D&H filed a motion for reconsideration, and the District Court granted the request. In response, Sheehan requested a deposition of Staller, but he ultimately did not depose him. On May 24, 2010, the jury returned a verdict in favor of D&H. Sheehan moved for a new trial on the grounds that the District Court improperly granted the motion for reconsideration. The District Court denied Sheehan's motion, and he filed a timely notice of appeal.[1]

## II.

Sheehan claims the District Court erred in granting D&H's motion for reconsideration to allow admission of the thirteen photographs and Staller's testimony, and for failing to postpone the trial due to the late admission of evidence. We review the District Court's decision on a motion for reconsideration for abuse of discretion. *Max's Seafood Café ex. rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 673 (3d Cir. 1999).

## III.

We first address Sheehan's claim that the District Court erred in reversing its decision to exclude the photographs and Staller's testimony. When a party does not comply with its discovery obligations, several factors guide a district court's discretionary determination of whether evidence should nonetheless be admitted: (1) the prejudice or surprise to the opposing party; (2) the ability of the opposing party to cure

---

[1] The District Court had subject matter jurisdiction pursuant to 18 U.S.C. § 3231, and we have jurisdiction pursuant to 28 U.S.C. § 1291.

3

the prejudice; (3) the extent of disruption of the proceedings; and (4) bad faith or willfulness in failing to comply. *Meyers v. Pennypack Woods Home Ownership Assn.*, 559 F.2d 894, 904-05 (3d Cir. 1977), *overruled on other grounds by Goodman v. Lukens Steel Co.*, 777 F.2d 113 (3d Cir. 1985).

Applying these factors to the admission of the photographs and of Staller's testimony, we determine that the District Court did not abuse its discretion. First, the District Court did not abuse its discretion in finding neither prejudice or surprise to Sheehan. The District Court noted that Sheehan had prior knowledge of the photographs and the opportunity to request them. Moreover, Sheehan previously viewed some photographs that were at least similar. Furthermore, the District Court noted that Sheehan had "ample opportunity to take Farley's deposition during discovery." (App. at 27.) Regarding Staller's testimony, D&H offered Staller as a witness in response to Sheehan's supplemental report, which nearly doubled the claimed economic damages.

Second, the District Court did not abuse its discretion in finding that Sheehan could cure any prejudice through cross-examination. Indeed, Farley was questioned about the discrepancy between prior witness comments that the pictures were dark and the clear pictures subsequently offered as evidence. Similarly, Sheehan had the opportunity to cure any prejudice by deposing Staller, which he chose not to do.

Third, the District Court did not abuse its discretion in finding that the photographs and testimony would not disrupt the trial. The District Court found that the photographs "would assist the jury in reaching a determination." (*Id.*) Likewise,

4

Sheehan had an opportunity to cross-examine Staller, whose testimony was consistent with his expert report. Finally, the District Court did not abuse its discretion in finding neither bad faith nor willful disregard on the part of D&H. Although D&H previously represented that it would not call Staller as a witness at trial, the District Court did not abuse its discretion in finding that D&H was merely responding to Sheehan's new damages calculation in later seeking to admit his expert report.[2]

Because the District Court appropriately exercised its discretion to admit this evidence, it was likewise justified in reconsidering its prior ruling to exclude it. A district court may alter a prior decision due to the need to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Café*, 176 F.3d at 677. "A trial judge has the discretion to reconsider an issue and should exercise that discretion whenever it appears that a previous ruling, even if unambiguous, might lead to an unjust result." *Swietlowich v. Bucks County*, 610 F.2d 1157, 1164 (3d Cir. 1979).

We find no abuse of discretion in the District Court's decision to grant D&H's motion for reconsideration, thereby correcting a perceived mistake and preventing an injustice. The District Court had granted Sheehan's motions *in limine* one day after they

---

[2] The District Court also classified the admission of the photographs as harmless, finding that the other evidence was sufficient to lead to the same outcome. We agree. Both parties used the evidence in making their arguments. Even assuming the evidence was admitted in error, the District Court was "well-satisfied that the error did not prejudice [Sheehan]," and it was not required to "disprove every reasonable possibility of prejudice." *General Motors Corp. v. New A.C. Chevrolet, Inc.*, 263 F.3d 296, 329 (3d Cir. 2001). Additionally, Staller's testimony regarding damages was harmless because the jury never reached that question.

were filed and before D&H had the opportunity to file a responsive brief. In granting D&H's motion for reconsideration, the District Court thoughtfully considered both sides' arguments. Moreover, Sheehan had sufficient opportunity afterwards to cure any prejudice. The District Court properly analyzed the *Pennypack* factors and ultimately concluded that excluding the photographs and testimony would prejudice D&H.

We next address Sheehan's contention that the District Court erred by failing to delay the trial to cure the prejudice he claims he suffered by the late admission of evidence. Sheehan never requested a continuance. Additionally, Sheehan cross-examined Farley and used the photographs to argue his case. Furthermore, the parties agreed on a time to depose Staller, but Sheehan cancelled the deposition. The District Court thoroughly considered the prejudice to both parties and decided to proceed with the trial. Thus, the District Court did not abuse its discretion by failing to *sua sponte* grant an adjournment. For the same reason, a new trial was not warranted because there were no "substantial errors in the admission or rejection of evidence." *Goodman v. Pa. Turnpike Comm'n*, 293 F.3d 655, 676 (3d Cir. 2002).

V.

For the foregoing reasons, we will affirm the order of the District Court.